PER CURIAM:
During the month of September 1979, claimant William M. Truman applied for the position of lead engineer of an emergency communications system which was, at that time, being organized by the Office of Emergency Services, an agency of the State of West Virginia. During the preliminary steps of the hiring process, the claimant alleges that he was led to believe that he would be employed by the respondent State agency. In reliance thereon, he resigned from the employment he had at the time and entered into a purchase contract for a house near Charleston, West Virginia. As a result of these actions, Mr. Truman sustained losses in the amount of $5,620.00, for which he filed this claim.
On September 3, 1979, claimant was contacted via telephone by John Anderson, the Director of the Office of Emergency Services, concerning the position of engineer of the emergency communications system and was interviewed by Mr. Anderson on September 8. It was necessary for the claimant to receive a rating from Civil Service to determine the salary to be offered to him; and the position had to be approved by the Commissioner of the Department of Finance and Administration.
On September 26, 1979, the salary level which was approved through Civil Service was communicated to the claimant, whereupon the claimant and Mr. Anderson discussed the starting date for claimant’s employment, and designated it to be November 1, 1979. The claimant then notified his employer of his intention to assume a new position. He also visited *236 Charleston, West Virginia, to locate a house, and did, in fact, enter into a purchase contract, and approached a lending institution for financing.
Thereafter, Mr. Anderson informed the claimant that approval of the claimant for the position of communications engineer was not forthcoming from the Commissioner of the Department of Finance and Administration. Subsequently, the claimant sought and accepted a position elsewhere.
Mr. Anderson testified that from October 11, 1979, until the end of November 1979, the approval for the hiring of the claimant was in question as the Commissioner of the Department of Finance and Administration would not approve the salary level agreed upon by the claimant and Mr. Anderson. This approval was necessary before the claimant could be employed by the Office of Emergency Services.
From the facts referenced above, the Court is constrained to conclude that the claimant prematurely assumed that he would be employed by the Office of Emergency Services. The record establishes that an agreement by the parties concerning claimant’s employment was not effected. Any losses sustained by the claimant in anticipation of employment by the respondent must be borne by the claimant himself. Therefore, the Court must disallow this claim.
Claim disallowed.